### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) SCOTTSDALE INSURANCE COMPANY, AS SUCCESSOR IN INTEREST, TO POLICIES ORIGINALLY UNDERWRITTEN BY WESTERN HERITAGE INSURANCE COMPANY,** | § § § § § § | |
| *Plaintiff,* | § § | |
| | § | **CIVIL ACTION NO. 19-cv-00044-GKF-JFJ** |
| **v.** | § § | |
| **(1) TIMBERLANE UNIT OWNERS ASSOCIATION; AND (2) RAMONA HUNTER,** | § § § § | |
| *Defendants*. | § | |

---

### ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Scottsdale Insurance Company, as successor in interest, to policies originally underwritten by Western Heritage Insurance Company ("Scottsdale") files this Original Complaint for Declaratory Judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, naming as defendants Timberlane Unit Owners Association ("Timberlane") and Ramona Hunter ("Hunter") and shows:

### PARTIES

1.      Plaintiff Scottsdale is an Ohio corporation with its principal place of business in Columbus, Ohio.

2.      Defendant Timberlane is an Oklahoma not-for profit corporation and may be served by serving process upon its registered agent, Robert P. Wilson at 8192 Skelly Drive, Tulsa, Oklahoma 74129, or by serving any of its officers, board members, or any other agent authorized to receive service of process at its corporate address at 2727 East 21st Street, Tulsa, Oklahoma 74114.

3.      Defendant Ramona Hunter is an individual residing in Tulsa, Oklahoma. Ms. Hunter may be served at her home located at 3242 S. Hudson Ave., Apt. 46, Tulsa, Oklahoma 74135-5038, or wherever she may be located.

## JURISDICTION AND VENUE

4.      The court has jurisdiction pursuant to 28 U.S.C. 1332(a)(1) because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.      Venue is proper in the Northern District of Oklahoma, pursuant to 28 U.S.C. 1391(b)(1)-(2), in that it is the judicial district in which defendants reside and defendants are Oklahoma residents; and it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

6.      In the underlying lawsuit[1], Ms. Ramona Hunter alleges Timberlane managed housing that was being rented to her.[2] Ms. Hunter alleges that, on or about December 26, 2011, Timberlane caused her utilities to be turned off, despite her timely rental payments, resulting in a life-threatening situation for her due to her disability.[3] She claims that Timberlane refused to respond to her request for a reasonable accommodation (to have the utilities turned back on), and intimated, interfered with, and coerced her which kept her from the full enjoyment of the premises.[4] She further claims that, on or about December 26, 2011, her entire apartment was boarded up by Timberlane, despite her timely rental payments, allegedly resulting in a life-threatening situation

---

[1]  Case No. CJ-2016-03946; *Ramona Hunter, et al. v. Earl Wheeler, et al.;* District Court of Tulsa County, Oklahoma
[2]  The underlying lawsuit Original Petition is attached as ***Exhibit A***.
[3]  Exhibit A, Original Petition, ¶ 36.
[4]  Exhibit A, Original Petition, ¶ 36.

for her.[5] Timberlane allegedly "refused to respond to Ms. Hunter's request for a reasonable accommodation" "which kept her from the full enjoyment and access and ingress and egress, including but not limited to all emergency ingress and egress, of the premises."[6]

7.      Ms. Hunter alleges that Timberlane's actions caused her "egregious and permanent physical and mental psychological harm".[7] Ms. Hunter brings claims for assault and battery; attempted assault and battery; outrage/intentional infliction of emotional distress; negligent infliction of emotional distress; negligence; negligence per se (violations of the federal Fair Housing Act, violations of the Oklahoma Discrimination Act); breach of contract, detrimental reliance/estoppel, breach of fiduciary duty, elder abuse, conversion, wrongful eviction and gross negligence.[8] Ms. Hunter seeks economic damages, noneconomic damages, attorney's fees, exemplary and/or punitive damages.[9]

## POLICY AND REQUEST FOR DECLARATORY RELIEF

8.      Western Heritage Insurance Company issued Commercial General Liability policy no. SCP0868207, effective 9/24/2011 to 9/24/2012, to Timberlane.[10] The policy provides coverage for "bodily injury" caused by an "occurrence."[11] "'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."[12] Timberlane's alleged purposeful act of switching off the utilities of the unit occupied by Ms. Hunter was no accident or occurrence and, as such, would not satisfy the requirements of the policy insuring agreement.

---

[5]  Exhibit A, Original Petition, ¶ 37.
[6]  Exhibit A, Original Petition, ¶ 37.
[7]  Exhibit A, Original Petition, ¶ 44.
[8]  Exhibit A, Original Petition, ¶¶ 42-89.
[9]  Exhibit A, Original Petition.
[10]  The policy is attached as *Exhibit B*.
[11]  Exhibit B, policy, Section I, Coverage A Insuring Agreement.
[12]  Exhibit B, policy, Section V – Definitions.

9.     The policy's Coverage A section contains an Expected Or Intended Injury Exclusion which would also preclude any duty to defend or pay a judgment rendered against Timberlane. This exclusion precludes coverage for "'bodily injury' expected or intended from the standpoint of the insured."[13] Per the Expected Or Intended Injury Exclusion, Timberlane's alleged intentional conduct is not covered under the policy.

10.     The policy contains a broad Punitive Or Exemplary Damage Exclusion which provides that the policy does not apply to a "claim or indemnification for punitive or exemplary damages nor to any form of equitable relief. If a suit is brought against [Timberlane] for a claim falling within the coverage provided by the policy, seeking both compensatory and punitive or exemplary damages, then [Scottsdale] will afford a defense to such action. [Scottsdale] shall not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages or any form of equitable relief."[14] …"  Even if there were coverage for Timberlane for any of the claims (which there is not), the Punitive Or Exemplary Damage Exclusion would bar coverage under the Scottsdale policy for any punitive or exemplary damages which may be awarded to Ms. Hunter.

11.     The policy contains a broad Mental Injury Exclusion which provides that the policy does not apply to "any liability arising out of emotional distress, mental anguish, humiliation, mental distress, mental injury, anxiety, inconvenience, depression, dissatisfaction, or shock to the nervous system or any physical manifestation of any of the foregoing, or any similar injury unless it arises out of actual 'bodily injury' to that person…"[15] Even if there were coverage for Timberlane for any of the claims (which there is not), the Mental Injury Exclusion would bar coverage under

---

[13]  Exhibit B, policy, Section I, Coverage A, Exclusion a.
[14]  Exhibit B, policy, Combined Special Provisions Liability Insurance endorsement, Punitive or Exemplary Damages Exclusion.
[15]  Exhibit B, policy, Combined Special Provisions Liability Insurance endorsement, Mental Injury Exclusion.

the Scottsdale policy for any mental anguish damages awarded to Ms. Hunter.

12.     The policy includes a Directors And Officers Liability Exclusion which states: "We will not pay financial damages for loss that results from a wrongful act based on: an error or omission; negligence; breach of duty; or misstatement or misleading statement by your directors and officers."[16] Ms. Hunter alleges she suffered damages resulting from a wrongful act based on errors or omissions, negligence, breach of duty, and/or misstatements or misleading statements by the Timberlane board of directors. As such, the Directors And Officers Liability Exclusion applies to preclude coverage for all such damages.

13.     The policy's Coverage B insuring agreement provides coverage for "personal and advertising injury" caused by an offense committed during the policy period.[17] "'Personal and advertising injury' means injury, including consequential 'bodily injury', arising out of one or more of the following offenses … [t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor…"[18] There is no factual allegation in the Original Petition of any type of offense contained in the definition of "personal and advertising injury", and, thus, no coverage under Coverage B.

14.     The policy's Coverage B section contains an exclusion for Knowing Violation Of Rights Of Another which excludes "'Personal and advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'".[19] Even if there were an alleged "personal and advertising injury" caused by an offense (which there is not), coverage for Timberlane would be excluded by the

---

[16]  Exhibit B, policy, Exclusion – Directors and Officers Liability endorsement.
[17]  Exhibit B, policy, Section I, Coverage B Insuring Agreement.
[18]  Exhibit B, policy, Section V – Definitions.
[19]  Exhibit B, policy, Section I, Coverage B, Exclusion a.

Knowing Violation Of Rights Of Another exclusion.

15.     The policy contains a broad Fungi or Bacteria Exclusion which excludes "bodily injury", "property damage", and "personal and advertising injury" "which would not have occurred or taken place, in whole or in part, but for … any "fungi" or bacteria."[20] "'Fungi' means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi."[21] The Fungi or Bacteria Exclusion bars coverage for any damages arising out of mold or mildew.

16.     The policy contains a broad Members Exclusion which excludes "'bodily injury,' 'property damage,' 'personal and advertising injury,' or medical expenses arising out of occurrences between two or more club, society, association, organization, foundation or similar group of members…." The Members Exclusion bars coverage for any damages arising out of occurrences between members.

17.     Scottsdale seeks a declaration that it owes no duty to defend or indemnify defendant Timberlane for the claims asserted by Ms. Hunter at issue in the underlying lawsuit pursuant to the policy's insuring agreement and exclusions cited herein. Additionally, the Court can also decide the duty to indemnify at the same time, prior to the termination of the underlying litigation, in this case because the same reasons that negate the duty to defend negate any possibility Scottsdale will ever have a duty to indemnify.

18.     Additionally and alternatively, Scottsdale seeks a declaration that it owes no duty to indemnify defendant Timberlane for any award for punitive or exemplary damages rendered against Timberlane in favor of Ms. Hunter pursuant to the plain language of the Punitive Or Exemplary Damage Exclusion contained in the policy.

---

[20] Exhibit B, policy, Fungi or Bacteria Exclusion endorsement.
[21] Exhibit B, policy, Fungi or Bacteria Exclusion endorsement.

19.     Additionally and alternatively, Scottsdale seeks a declaration that it owes no duty to indemnify defendant Timberlane for any award for mental injury related damages rendered against Timberlane in favor of Ms. Hunter pursuant to the plain language of the Mental Injury Exclusion.

20. Additionally and alternatively, Scottsdale seeks a declaration that it owes no duty to indemnify defendant Timberlane for any damages arising out of mold or mildew rendered against Timberlane in favor of Ms. Hunter pursuant to the plain language of the Fungi or Bacteria Exclusion.

21.     Additionally and alternatively, Scottsdale seeks a declaration that it owes no duty to indemnify defendant Timberlane for any damages arising out of occurrences between members.

Scottsdale requests a judgment from this Court that: (1) Scottsdale does not owe a duty to defend Timberlane in the underlying lawsuit; (2) Scottsdale does not owe a duty to indemnify Timberlane for any award or judgment rendered in the underlying lawsuit; and/or alternatively, (3) any award for punitive or exemplary damages, mental injury damages, any damages arising out of mold or mildew, or an damages arising out of occurrences between members rendered against Timberlane are excluded by the Scottsdale policy, and for such other relief to which it may be entitled in law or in equity.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:     */s/Paige C. Jones*
Paige C. Jones
Oklahoma Bar No.: 032930
115 Grand Avenue, Ste. 222
Southlake, Texas 76092
Ph: (817) 488-3134
Fax: (817) 488-3214
paige.jones@phelps.com

**ATTORNEY FOR PLAINTIFF
SCOTTSDALE INSURANCE COMPANY,
AS SUCCESSOR IN INTEREST, TO
POLICIES ORIGINALLY
UNDERWRITTEN BY WESTERN
HERITAGE INSURANCE COMPANY**